IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**ANTONIO DEWAYNE HORTON,**

    Petitioner,

v.

**TERRY TUGGLE, Interim Warden,**

    Respondent.

Case No. 19-CV-255-JFH-KEW

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations under 28 U.S.C. § 2244(d) [Dkt. No. 9]. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at John H. Lilley Correctional Center in Boley, Oklahoma. He is attacking three convictions in Carter County District Court Case Nos. CF-2011-385 for Distribution of Controlled Dangerous Substance; CF-2012-70 for Distribution of Controlled Dangerous Substance; and CF-2012-160 for Distribution of Controlled Dangerous Substance within 2,000 Feet of Park (Count 1) and Possession of Controlled Dangerous Substance with Intent to Distribute (Count 2) [Dkt No. 1 at 1, 3]. The three cases were combined for trial. *Horton v. State*, No. F 2012-1062 (Okla. Crim. App. Dec. 5, 2013) [Dkt. No. 10-1].

Section 2244(d) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The following dates are pertinent to disposition of Respondent's motion:

> **12/05/2013**   Petitioner's convictions were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal in Case No. F 2012-1062 [Dkt. No. 10-1].
>
> **03/05/2014**   Petitioner's convictions became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.
>
> **03/06/2014**   Petitioner's one-year limitation period began to run.
>
> **01/09/2015**   Petitioner filed an Application for Post-Conviction Relief in the trial court [Dkt. No. 10-2].
>
> **03/06/2015**   The statute of limitations for this action expired.

2

**03/23/2015**   Petitioner filed in the OCCA a Petition for Writ of Mandamus in Case No. MA-2015-251, requesting the OCCA to order the trial court to address his post-conviction application [Dkt. No. 10-3].

**04/20/2015**   The trial court entered an Order denying Petitioner's Application for Post-Conviction Relief as meritless [Dkt. No. 10-4].

**05/05/2015**   The OCCA denied Petitioner's Petition for Writ of Mandamus in Case No. MA-2015-251 [Dkt. No. 10-5].

**05/11/2015**   Petitioner filed in the OCCA a Petition in Error and Brief in Support of a Post-Conviction Appeal [Dkt. No. 10-6].

**09/01/2015**   The OCCA entered an Order Vacating District Court's Order Denying Post-Conviction Relief and Directing District Court to Enter Corrective Orders in Case No. PC-2015-450.  The OCCA found that Petitioner had not properly verified his post-conviction application as required to commence post-conviction proceedings [Dkt. No. 10-7].[1]

**08/05/2019**   Petitioner filed this petition for a writ of habeas corpus [Dkt. No. 1].

The record shows that Petitioner's appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on December 5, 2013.  His conviction, therefore, became final on March 5, 2014, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007);  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).  The statutory year began to

---

[1] Petitioner subsequently filed three additional post-conviction applications in Case Nos. PC-2018-573, PC-2018-1197, and PC-2019-18, as well as two additional mandamus petitions in Case Nos. MA-2017-404 and MA-2018-137.  These cases are not directly addressed in this Opinion and Order, because they were initiated after the one-year limitation period expired.

run the next day on March 6, 2014, and it expired on March 6, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on August 5, 2019, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Petitioner filed a post-conviction application regarding these convictions on January 9, 2015, with 56 days remaining in the statutory year. The trial court denied the application on April 20, 2015. Petitioner next filed a petition in error and brief in support in the OCCA on May 11, 2015. On September 1, 2015, the OCCA vacated the trial court's order denying post-conviction relief, finding Petitioner's post-conviction was improperly verified and thus could not initiate post-conviction proceedings, as set forth below:

> On May 11, 2015, Petitioner, a prisoner in the custody of the Department of Corrections, filed a *pro se* Petition in Error and supporting brief with the Clerk of this Court in appeal of an order entered by the Honorable Thomas K. Baldwin, Associate District Judge, in Carter County District Court, Case Nos. CF-2011-385, CF-2012-70, and CF-2012-160. Judge Baldwin signed that order on April 17, 2015, and filed it with the trial court clerk on April 20, 2015. The order states, "Defendant's *Application for Post-Conviction Relief* filed on January 9, 2015, is without merit and denied." (O.R. 13.) The order further finds that Petitioner's Application "has not requested any relief" and that it "does not state a claim upon which relief may be granted." (*Id.*)
>
> Petitioner's brief offers the following circumstances as to why this Court should find the foregoing order to be in error. According to Petitioner's brief,

on July 25, 2014, Petitioner "notarized his original application for post-conviction relief through prison Law Library Supervisor Ms. Donna Blackman" and on July 29, 2014, he mailed that original application "through the Prison Library Legal Mail System" to the District Court Clerk. (Br. of Pet'r 3.) Petitioner contends that until he received Judge Baldwin's order of April 17, 2015, he was unaware that the District Court Clerk had "not filed his original application for post conviction relief, or lost his original application inadvertently, or the original application for post conviction relief got lost in the United States mail system." (Br. of Pet'r 4.) Petitioner further asserts that he "never filed original application for post-conviction relief on January 9, 2015, as Judge Baldwin stated." (*Id*. 3.)

On July 2, 2015, this Court received an Original Record for this appeal. Contained in that record is a 2-page, unverified document titled "Application for Post-Conviction Relief" that reflects a January 9, 2015, filing accompanied by a letter from Petitioner that is dated January 6, 2015. That letter inquires of the District Court Clerk about the status of an Application for Post-Conviction Relief that he states he submitted to her office "[o]n or about 7-29-14." (O.R. 3.) As an aid in answering his inquiry, Petitioner's letter advised that he was providing the District Court Clerk with "copies of the first-two-pages of the Application I sent to you." (O.R. 4.)

From the foregoing, it becomes apparent that neither the two-page "Application for Post-Conviction Relief" nor its accompanying January 6, 2015, letter filed on January 9, 2015, were intended by Petitioner to commence a post-conviction proceeding or to serve as a formal Application for Post-Conviction Relief. Indeed, those documents could not have operated to commence a post-conviction action even if Petitioner had desired as much, because those documents were not verified as required by the Post-Conviction Procedure Act for instituting a post-conviction proceeding under that Act. *See* 22 O.S.2011, § 1081 (specifying that a post-conviction "proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment"); *Moore v. Gibson*, 2001 OK CR 8, ¶ 24, 27 P.3d 483, 488 ("The term 'filed' found in Section 1081 of Oklahoma's Uniform Post-Conviction Procedure Act means when a properly verified application for post-conviction relief is delivered to the proper district court clerk for the purpose of filing.").

As the lack of verification would be fatal to any request for post-conviction relief and caused Petitioner's documents to be incapable of invoking the District Court's jurisdiction under the Post-Conviction Procedure Act, we

5

> **FIND** that the District Court's order denying Petitioner's "Application for Post-Conviction Relief" should be vacated as set forth below.
>
> **IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court of Carter County, filed on April 20, 2015, in Case Nos. CF-2011- 385, CF-2012-70, and CF-2012-160, denying Petitioner's filings of January 9, 2015, as an application for post-conviction relief is hereby **VACATED**, and the District Court directed to enter such orders as necessary for the proper docketing of those items received by its clerk on January 9, 2015, and enter such further orders as it may deem necessary for their disposition as is consistent with this Order.

*Horton v. State*, No. PC-2015-450, slip op. at 1-3 (Okla. Crim. App. Sept. 1, 2015) [Dkt. No. 10-7] (footnote omitted).

Respondent alleges that because the OCCA found that Petitioner failed to properly verify his Application for Post-Conviction Relief, the application was not "properly filed" for purposes of statutory tolling. *See Artuz. v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . for example, the form of the document, the time limits upon its discovery, the court and office in which it must be lodged, and the requisite filing fee" (footnote omitted) (emphasis in original).

Respondent further asserts that because Petitioner's unverified post-conviction application was not properly filed, the limitation period was not tolled during the pendency of the post-conviction proceedings. *See Troutt v. Jones*, 288 F. App'x 452, 454 (10th Cir. July 15, 2008) (unpublished) (concluding that the period of limitations for filing a habeas petition was not tolled because the OCCA found that the petitioner's post-conviction

application was not "properly filed), *cert. denied*, 556 U.S. 1107 (2009)).

A similar issue was addressed in *Ferrell v. Allbaugh*, No. 17-CV-CVE-JFJ, 2018 WL 358512, at *3 (N.D. Okla. Jan. 10, 2018) (unpublished).  In that case, the petitioner filed a request for an out-of-time direct appeal, which the state district court construed as a request for post-conviction relief, and ultimately denied the requested relief.  *Id*.  On post-conviction appeal, the OCCA reversed and remanded the state district court's order and directed the district court to dismiss the petitioner's unverified post-conviction application and other unverified filings seeking post-conviction relief.  The state district court found the petitioner had not properly verified his post-conviction application under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1081, and consequently, the district court had no jurisdiction to proceed on post-conviction.  *Id.*  On habeas review, the federal district court found that the petitioner's post-conviction application was not "properly filed" under 28 U.S.C. § 2244(d)(2) and concluded that the statute of limitations was not tolled during the post-conviction proceedings.  *Id.*

As in *Ferrell*, the OCCA found Petitioner's request for post-conviction relief was not a properly verified application for post-conviction relief under the Oklahoma Post-Conviction Procedure Act.  Because his post-conviction proceedings never were properly commenced by filing a verified application for post-conviction relief under Okla. Stat. tit. 22, § 1081, the statute of limitations was not tolled during the pendency of those proceedings.  Without the benefit of statutory tolling, Petitioner's statutory year expired on March 6, 2015, barring his habeas petition pursuant to 28 U.S.C. § 2244(d)(1).

Further, Petitioner's Petition for a Writ of Mandamus, filed in the OCCA on March 23, 2015, in Case No. MA-2015-251, did not toll the limitation period, Assuming the mandamus request was a collateral review for purposes of § 2244(d)(2), it was filed after the March 6, 2015 filing deadline. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)) (no tolling for petition filed after expiration of one-year limitation period).

Respondent further alleges Petitioner is not entitled to equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to consideration of such relief.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, Respondent's motion to dismiss time barred petition [Dkt. No. 9] is **GRANTED**, and Petitioner is **DENIED** a certificate of appealability.

**IT IS SO ORDERED** this 26th day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE